# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. WHITE, | | No. 3:20-CV-00291 |
| Plaintiff, | | (Chief Judge Brann) |
| v. | | |
| UNITED STATES of AMERICA, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

### DECEMBER 20, 2022

Plaintiff William A. White is currently involved in expert discovery for the instant FTCA litigation.  He has filed several motions concerning discovery issues, including a motion for injunctive relief regarding provision of his legal paperwork,[1] a motion to compel the production of documents under Federal Rule of Civil Procedure 37,[2] and a motion to order service of a subpoena by the United States Marshals Service.[3]  The Court will address White's motions in turn.

White first argues that, since being transferred from FCI Terre Haute to FCI Cumberland in late July 2021, he has not been provided with his property, most importantly his extensive collection of legal paperwork.[4]  He contends that he is

---

[1]  Doc. 209.
[2]  Doc. 217.
[3]  Docs. 215.
[4]  *See* Doc. 209 at 1.

missing approximately 20 boxes and 3 bags of materials.[5]  White asserts that he

needs these materials to properly depose defense expert Dr. Justin Ramsdell and

asks the Court to order the production of the materials.[6]

On November 11, 2022, the United States responded, explaining that

"receiving and distribution at FCI Terre Haute plans to inventory and search

White's property" and that his property will be mailed on "Monday or Tuesday,"

*i.e.*, November 14 or November 15, 2022.[7]  White did not file a reply brief or any

follow-up notice that he has not received his property, so the Court will dismiss as

moot his motion for the production of his property from FCI Terre Haute.

White next moves to compel the production of several documents from the

United States under Rule 37(a).  This motion appears to be in response to

information contained in Dr. Ramsdell's expert report.[8]  White asks the Court to

compel the United States to produce (1) "the Mexican police report[s]" of his June

8, 2012 arrest in Playa del Carmen, Mexico, and (2) unspecified documents from

his central BOP file that are exempt under the Freedom of information Act (FOIA)

and "were provided by the United States to Dr. Justin Ramsdell and used by him in

the production of his report."[9]  White argues that these documents must be

---

[5]   *Id.*
[6]   *Id.* at 1-2.
[7]   Doc. 211 at 1.
[8]   *See* Doc. 218 at 1-2, 6-7.
[9]   *See id.* at 3-4; Doc. 217 at 1; Doc. 218-1 at 19, 36.

produced by the United States pursuant to Federal Rules of Civil Procedure

26(a)(1)(A)(ii) and 26(a)(2)(B)(ii).

The problem for White is that he has not demonstrated why the documents

that he requests are required to be produced under either cited provision of Rule

26.  Rule 26(a)(1)(A)(ii) governs initial disclosures and requires a party to produce,

without a discovery request, "a copy . . . of all documents, electronically stored

information, and tangible things that the disclosing party has in its possession,

custody, or control and may use to support its claims or defenses, unless the use

would be solely for impeachment."[10]  White simply has not established that the

documents he is requesting are going to be used to support the United States'

defense against his negligent infliction of emotional distress claim.  His brief does

not contain a single argument about why the Mexican police report or unspecified

FOIA-exempt documents should have been made in the United States' initial

disclosures under Rule 26(a)(1)(A).

White's argument related to Rule 26(a)(2)(B)(ii) gets closer, as this

provision deals with expert discovery, but is still unpersuasive.  Rule

26(a)(2)(B)(ii) requires that an expert witness's report contain "the facts or data

considered by the witness in forming [the expert witness's opinions]."[11]  Dr.

Ramsdell did just that, providing the facts upon which he relied when discussing

---

[10]   FED. R. CIV. P. 26(a)(1)(A)(ii).
[11]   FED. R. CIV. P. 26(a)(2)(B)(ii).

White's arrest in Mexico.[12]  Dr. Ramsdell relates the details regarding White's

flight to Mexico, the arrest warrant issued for him, and his eventual arrest.[13]

Because Dr. Ramsdell did what was required under Rule 26(a)(2)(B)(ii), this rule

does not provide a basis to compel disclosure of the documents that White seeks.

White additionally contends that he needs the Mexican police report to

challenge Dr. Ramsdell's conclusions that he has a "narcissistic personality

disorder."[14]  He asserts that the Mexican police report will substantiate his version

of events and show that he is not "fantasizing or exaggerating."[15]  White is correct

that his request for this report seeks relevant and discoverable information that

could be used to rebut certain facts upon which Dr. Ramsdell relied in forming his

opinion.  Thus, the United States must produce these documents if they are

available (likely from the Western District of Virginia, where White was

prosecuted).[16]  The United States Attorney's contention that the documents are not

in its custody or control is unconvincing insofar as White asserts, without dispute

from the United States, that the documents were part of his federal criminal

prosecution.

Lastly, White does not specify the documents from his BOP central file that

he seeks to have disclosed, nor does he explain how those documents are relevant

---

12   *See* Doc. 231-1 at 28.
13   *See id.*
14   Doc. 218 at 6.
15   *Id.* at 7.
16   *See id.* at 3.

to his claims.  The Court cannot make a determination about whether such

documents must be produced by the United States without knowing what specific

documents White seeks.  Although White's argument—that FOIA does not govern

civil discovery disclosures—is well taken, White fails to specify what the FOIA-

exempt documents are or why they must be disclosed under Rule 26(b)(1).  His

supporting brief simply states that his requests "are well within the scope of" Rule

26(b)(1).[17]  Thus, White's motion to compel discovery will be granted in part and

denied in part.

White's final motion requests that a subpoena issue scheduling a video

deposition for Dr. Ramsdell and be served by the United States Marshals.

Interwoven with this request is White's contention that the United States should

pay the costs of the deposition that White desires to take and then seek

reimbursement.  Because White is not entitled to have the United States pay for the

expert deposition he is requesting, and because a subpoena is unnecessary to

schedule such a deposition, White's final motion will be denied.

The Court first notes that White is not proceeding *in forma pauperis* in this

litigation.  Rather, he paid the full filing fee and is proceeding as a general *pro se*

litigant.[18]  Although not part of his motion, White contends that requiring him to

pay for his own discovery—the deposition of Defendant's expert—would result in

---

[17]   Doc. 218 at 6.
[18]   *See* Remark following Doc. 101.

"manifest injustice" and that the costs for the deposition should be shifted to the United States.

White first contends that under Rule 26(b)(4)(E), "the procedure for an expert deposition is that the party pays their expert then seeks reimbursement from the noticing party."[19]  But Rule 26(b)(4)(E) contains no such language, instead plainly requiring that "the party *seeking* discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) [concerning deposing an expert who may testify at trial]."[20]  As the Advisory Committee Notes explicitly state, "the expert's fees for the deposition will ordinarily be borne by the party taking the deposition."[21]

This leaves the "unless manifest injustice would result" proviso at the beginning of Rule 26(b)(4)(E).[22]  White acknowledges that the manifest-injustice exception is "stringent."[23]  He then argues that requiring him to pay the witness fees in advance would be manifestly unjust because Dr. Ramsdell's testimony "is so infected with factual error that for the United States to present it would be frivolous under 28 U.S.C. [§] 1927" and that, once Dr. Ramsdell is deposed, White

---

[19]   Doc. 224 at 3.
[20]   FED. R. CIV. P. 26(b)(4)(E)(i) (emphasis added).
[21]   FED. R. CIV. P. 26(b)(4)(A) advisory committee's note to 1993 amendment.
[22]   *See id.*
[23]   *See* Doc. 220 at 2 (citing *Reed v. Binder*, 165 F.R.D. 424 (D.N.J. 1996)).

will establish that "his testimony will be inadmissible under *Daubert* and Fed. R. Evid. 702."[24]

The Court finds White's argument wholly unpersuasive. White is not indigent, and he is the party seeking to depose Defendant's expert witness. There will be no "manifest injustice" if White is required to pay the reasonable witness fees for a deposition he requested, especially because he already has a copy of Dr. Ramsdell's expert report that previews Dr. Ramsdell's trial testimony. White may dispute some of Dr. Ramsdell's conclusions, but he has certainly not made a preliminary showing that Dr. Ramsdell's testimony would be precluded by *Daubert*. Moreover, if White has an objection to the fees that Dr. Ramsdell proposes, that issue can be addressed prior to scheduling Dr. Ramsdell's deposition. This is simply not a case, like those cited by White,[25] where a fee dispute interrupts an ongoing deposition, is preventing a deposition from being scheduled, or would require an indigent party to pay for a necessary but cost-prohibitive deposition.

White need not worry about timing, as the expert-discovery deadlines in this case can be extended if necessary. And White has been provided, several times, with specific instructions explaining how to schedule a video deposition with Dr. Ramsdell.[26] White should follow those instructions if he desires to depose Dr.

---

[24]   Doc. 220 at 3-4.
[25]   *See* Doc. 224 at 3-4.
[26]   *See* Docs. 214, 234.

Ramsdell, and he will be responsible for paying the reasonable costs for Dr. Ramsdell's time and for the court reporter. No subpoena needs to issue because Dr. Ramsdell is amenable to a video deposition so long as he is paid a reasonable fee for his time, as is required by Federal Rule of Civil Procedure 26(b)(4)(E)(i). The deposition should be arranged for a date and time that is convenient for all parties.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. White's motion (Doc. 209) to compel the United States to provide his property is **DISMISSED** as moot.

2. White's motion (Doc. 217) "to compel the production of documents" is **GRANTED** in part and **DENIED** in part, as follows:

   a. The motion is **GRANTED** as to the June 2012 Mexican police report (or reports) sought by White.

   b. The motion is **DENIED** as to the unspecified "FOIA" documents "provided by the United States to Dr. Justin Ramsdell and used by him in the production of his report."

3. White's motion (Doc. 215) to "Order the Service of Plaintiff's Deposition Subpoena" is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

8