# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. WHITE, | No. 3:20-CV-00291 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### JUNE 6, 2023

Plaintiff William A. White is currently involved in expert discovery for the instant FTCA litigation.  He has filed several additional motions concerning discovery issues, including a motion for reconsideration,[1] a motion to compel the production of documents under Federal Rule of Civil Procedure 37,[2] and a motion for sanctions.[3]  The Court will address White's motions in turn.

White first seeks reconsideration of this Court's denial of his previous motion to compel with regard to "FOIA exempt documents" from his "Central File" that Defendant's expert—Dr. Justin Ramsdell—apparently relied on when drafting his expert report.[4]  The Court initially denied White's motion because he did not identify what documents he was seeking or how they were relevant to his

---

[1]   Doc. 249.
[2]   Doc. 262.
[3]   Doc. 271.
[4]   *See* Doc. 250 at 2.

FTCA claim.[5]  White now clarifies that the documents he is requesting contain "intelligence information and information related to investigations of disciplinary offenses compiled by the BOP's SIS agents and its 'Counter Terrorism Unit.'"[6]  He further asserts that the documents may include psychological and behavioral profiles prepared by the FBI and used by Dr. Ramsdell in preparing his report.[7]  White also asserts that Dr. Ramsdell relied on documents in the FOIA exempt file regarding his drug use and juvenile criminal record.[8]

Defendant responds that White cannot meet the stringent requirements for reconsideration, but in doing so cites the standard of review that applies to reconsideration of final orders (or motions to alter or amend judgment) under Federal Rule of Civil Procedure 59(e).[9]  White, however, is seeking reconsideration of an interlocutory order, and thus correctly concludes that Rule 54(b) applies, not Rule 59(e).[10]  The governing standard for reconsideration of interlocutory orders under Rule 54(b) is less stringent; to wit, courts have the

---

[5]   *See* Doc. 235 at 4-5.
[6]   Doc. 250 at 3-4.
[7]   *Id.* at 4.
[8]   *Id.* at 7.
[9]   *See* Doc. 257 at 2, 4 (citing, *inter alia*, Federal Rule of Civil Procedure 59(e); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).
[10]  *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295-96 (M.D. Pa. 2016) (explaining different standards for reconsideration of interlocutory versus final orders).

inherent authority to reconsider such orders when "consonant with justice to do so."[11]

Defendant claims that Dr. Ramsdell "does not state anywhere in his expert report that he relied on factors or information contained in White's central file which are FOIA exempt."[12]  White, however, points to Section F of Dr. Ramsdell's report, which lists the "materials available for review" that Dr. Ramsdell presumably utilized to prepare his report.[13]  In numbers 27 and 28 of that list, Dr. Ramsdell identifies "FOI Section I files provided by counsel" and "FOI Section II files provided by counsel."[14]  Although not specifically titled "FOIA exempt" documents, it is possible that these materials are the documents referenced in White's discovery requests.  Accordingly, unless the United States can establish a proper basis to object to disclosure of these documents, they must be provided to White within a reasonable amount of time, as it appears that Dr. Ramsdell may have relied on them to formulate his expert opinion and therefore they would be relevant and discoverable under Federal Rule of Civil Procedure 26(b)(1).

White next moves to compel the production of documents related to the Personality Assessment Inventory (PAI) referenced in Dr. Ramsdell's report.

---

[11]  *See State National Ins. Co. v. County of Camden*, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).

[12]  Doc. 257 at 4.

[13]  *See* Doc. 231-1 at 3-4.

[14]  *Id.* at 4 (internal quotation marks omitted).

Specifically, he seeks the "raw [PAI] data referenced in pages 44 to 46" of Dr. Ramsdell's report and the "system used to score it."[15]  The Court will grant in part and deny in part this motion to compel.

As the United States explains, the scoring system which White seeks is a copyrighted book that White may purchase if he desires, so the Court will deny this portion of White's motion to compel.[16]  And if White is seeking the testing materials and questions themselves, release of that information by Dr. Ramsdell to an unlicensed and untrained individual would likely violate Section 9.11 of the American Psychological Association's Ethical Principles of Psychologists and Code of Conduct (EPPCC).[17]

However, as to the raw data that White requests, the United States has not identified a professional ethics principle or code of conduct (or legal privilege) that inhibits Dr. Ramsdell from producing this test data to White.  In fact, as the United States noted in their initial response to White's discovery request, under Section 9.04 of the EPPCC, test data[18] may be released to the patient if the patient signs the

---

[15]  *See* Doc. 262.

[16]  *See* Doc. 265-2 at 2.

[17]  *See* AM. PSYCH. ASS'N., ETHICAL PRINCIPLES OF PSYCHOLOGISTS & CODE OF CONDUCT, § 9.11 (2017), https://www.apa.org/ethics/code ("Psychologists make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations, and in a manner that permits adherence to this Ethics Code.").

[18]  The term "test data" refers to "raw and scaled scores, client/patient responses to test questions or stimuli, and psychologists' notes and recordings concerning client/patient statements and behavior during an examination."  *See* Doc. 265-2 at 2 (quoting AM. PSYCH. ASSOC., ETHICAL PRINCIPLES OF PSYCHOLOGISTS & CODE OF CONDUCT, § 9.04 (2017), https://www.apa.org/ethics/code).

relevant release paperwork.[19]  The Court has little doubt that White is willing to

sign release paperwork, and therefore such test data may be released to White upon

his execution of an appropriate HIPAA release.

White's final motion seeks sanctions from the United States "for failure to

comply with the court's order of December 20, 2022 (Doc. 235) compelling the

United States to produce the Mexican police reports."[20]  He claims that the United

States has failed to produce the reports in a timely fashion.  Defendant responds

that it has supplied White with all documents related to his discovery request that

were contained in his criminal file with the United States Attorney's Office for the

Western District of Virginia (the prosecuting office).[21]  As Defendant has produced

the only responsive documents in its possession, there is no basis for sanctions.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY**

**ORDERED** that:

1. White's motion (Doc. 249) for reconsideration is **GRANTED** in part
   and **DENIED** in part, as follows:

   a. The motion is **GRANTED** to the extent that—unless the United
      States can establish a proper objection to disclosure—it shall
      produce to White, within 14 days of the date of this Order, the
      "FOI Section I files provided by counsel" and "FOI Section II
      files provided by counsel" identified by Dr. Ramsdell in
      Section F of his report.

---

[19]  *See id.* (quoting Am. Psych. Assoc., Ethical Principles of Psychologists & Code of Conduct, § 9.04 (2017), https://www.apa.org/ethics/code).

[20]  Doc. 271 at 1.

[21]  *See* Doc. 273; Doc. 273-1.

       b.     The motion is **DENIED** in all other respects.

2.    White's motion (Doc. 262) to compel the production of documents is **GRANTED** in part and **DENIED** in part, as follows:

       a.     The motion is **GRANTED** as to the PAI test data referenced on pages 44 to 46 of Dr. Ramsdell's report.

       b.     The motion is **DENIED** in all other respects.

3.    White's motions (Docs. 272, 277) to supplement his motion for sanctions are **GRANTED** only to the extent that the materials therein will be considered part of his motion for sanctions.

4.    White's motion (Doc. 271) for sanctions is **DENIED**.


BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

6